IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOMAS SAMES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:17-CV-162 |
| | § | |
| AMARILLO II ENTERPRISES, LLC | § | |
| D/B/A AMARILLO CENTER FOR | § | |
| SKILLED CARE, CREATIVE | § | |
| SOLUTIONS IN HEALTHCARE, AND | § | |
| TODD GUDGELL | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DETERMINATION OF MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY PROCEEDINGS AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE COURT:

Plaintiff should not be allowed to do an end-run around the inherent limitations on discovery in arbitration by wrongfully filing this lawsuit in breach of his contract to arbitrate disputes made the basis of this lawsuit. Defendants Amarillo II Enterprises, LLC d/b/a Amarillo Center for Skilled Care ("Amarillo II" or the "Facility"), Creative Solutions in Healthcare, Inc. ("Creative Solutions"), and Todd Gudgell file this Motion to Stay Discovery Pending Determination of Motion to Compel Arbitration and Brief in Support Thereof. Because the dispute that is the subject of this litigation is covered by a binding arbitration agreement (as previously found by a Texas state court), Amarillo II asks that the Court to stay discovery pending its determination of Amarillo II's Motion to Compel Arbitration and Motion to Dismiss or,

Alternatively, to Stay Proceedings ("Motion to Compel"). Likewise, the Court should stay discovery pending its determination on Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") if it reaches the Motion to Dismiss,[1] since granting that motion would obviate the need for discovery in its entirety.

### I.  FACTUAL BACKGROUND AND SUMMARY OF GROUNDS FOR MOTION

Plaintiff served as Medical Director of the Facility pursuant to a contract that contains an arbitration clause. As established in the Motion to Compel, the arbitration clause is broad, and covers the claims asserted in Plaintiff's First Amended Complaint. Plaintiff's counsel has indicated his intention to commence discovery as quickly as possible. Defendants believe that pre-arbitration discovery is inappropriate under the circumstances, and respectfully request the Court stay discovery pending its determination of the Motion to Compel.

### II.  ARGUMENT AND AUTHORITIES

**A.  Stay Pending Determination of Defendants' Motion to Compel Arbitration.**

As established in Defendants' Motion to Compel, the FAA governs the parties' agreement to arbitrate. Arbitration is "intended as a speedy, economical, and effective means of dispute resolution. *Repub. of Kazakhstan v. Biedermann Intern.*, 168 F.3d 880, 883 (5th Cir. 1999). To that end, the FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983); *Bell v. Koch Foods of Miss., LLC*, 358 Fed. Appx. 498, 500-01 (5th Cir. 2009). It was "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of the court and into arbitration as quickly and easily as possible." *Moses H. Cone*, 460 U.S. at 22; *Bell*, 358 Fed. Appx.

---

[1] The Motion to Dismiss was expressly made subject to the Motion to Compel. *See* Motion to Dismiss, at 1, n.1; Brief Supporting Defendants' Motion to Dismiss at 2, 11 n.5.

at 500-01. Defendants have also moved to compel arbitration under the Texas Arbitration Act, which also calls for a summary and speedy disposition. *See In re MHI Partnership, Ltd.*, 7 S.W.3d 918, 922 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (Court could not delay determination on motion to compel arbitration until after the completion of discovery).

### 1. No Exceptional or Extraordinary Circumstances Exist.

Federal discovery rules do not generally apply to disputes governed by arbitration provisions. *Application of Deiulemar Compangnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 479 (4th Cir. 1999). Thus, pre-arbitration discovery is generally permitted only in two situations. First, discovery is sometimes permitted under "exceptional" or "extraordinary" circumstances. *See Recognition Equip., Inc. v. NCR Corp.*, 532 F. Supp. 271, 275 (N.D. Tex. 1981); *Ferro Union Corp. v. S.S. Ionic Coast*, 43 F.R.D. 11, 13 (S.D. Tex. 1967) (Exceptional circumstances existed when ship was about to leave the country and might not return to United States waters); *N. of Eng. Prot. & Indem. Ass'n Ltd. M/V Nara*, No. Civ. A 99-0464, 1999 WL 33116417, at *2-3 (E.D. La. Aug. 13, 1999) (No extraordinary circumstances demonstrated); *Deiulemar Compangnia Di Navigazione*, 198 F.3d at 479 (Exceptional circumstances presented when ship was going to leave United States waters); *Advocat Inc. v. Blanchard*, No. 4:11CV00895, 2012 WL 1893735, at *5 (E.D. Ark. May 24, 2012). Plaintiff can raise no "exceptional" or "extraordinary" circumstances here.

### 2. The Existence and Validity of an Arbitration Agreement is Not in Dispute.

Second, some courts have considered whether to permit discovery relevant to the existence of an arbitration agreement. *See Bell*, 358 Fed. Appx. at 500-01; *Ameriprise Fin. Servs. v. Etheredge*, 277 Fed. Appx. 447, 449-50 (5th Cir. 2008); *Deiulemar Compangnia Di Navigazione*, 198 F.3d at 482-83; *Advocat Inc.*, 2012 WL 1893735, at *5-6. *See also Loewen v. Lyft, Inc.*, No. 15-cv-01159, 2015 WL 12780465, at *3-5 (N.D. Cal. June 12, 2015) (FAA provides for discovery

only if the making and performance of the agreement is in issue; denying discovery requested by plaintiff).[2] These courts have required the party seeking discovery to articulate what they hope to discover that would undermine the validity of the arbitration agreement. *See Bell*, 358 Fed. Appx. at 501 (District court correctly denied discovery request where the requested information was irrelevant, already within the personal knowledge of the party seeking discovery, or did not support a recognizable claim under state law); *Ameriprise*, 277 Fed. Appx. at 449-50 (Discovery properly denied when party never suggested what he hoped to learn through discovery); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828-29 (S.D. Miss. 2001), *aff'd*, 34 Fed. Appx 964 (5th Cir. 2002) (No need for discovery prior to court's determination on motion to compel arbitration—plaintiff's identified topics did not warrant discovery); *Advocat, Inc*., 2012 WL 1893735, at *5 (Courts deny discovery requests that are too broad, seek irrelevant information, or seek information already in the hands of the party seeking discovery). Plaintiff has not requested limited discovery into the existence of an arbitration agreement nor can he raise an issue on which discovery is permissible or necessary.

Because Plaintiff cannot articulate a proper basis for discovery pending determination of Defendants' Motion to Compel, any discovery would be premature. Accordingly, Defendants request that the Court stay all discovery pending its determination of the Motion to Compel.

**B.     Stay Pending Determination of Defendants' Motion to Dismiss**

Furthermore, Defendants have filed a Motion to Dismiss, subject to their Motion to Compel, which seeks dismissal of the entire case. "[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Corwin v. Marney, Orton*

---

[2] On nearly identical facts to those pleaded in this lawsuit, a Texas District Court has found a valid and enforceable arbitration agreement.

*Investments*, 843 F.2d 194, 200 (5th Cir. 1988).  Defendants have sought dismissal of this case in its entirety.  If the Court grants the Motion to Dismiss, discovery would be completely unwarranted, and a waste of time and resources.

\* \* \*

For the reasons set forth herein, Defendants request that the Court stay discovery pending determination of their Motion to Compel and their Motion to Dismiss, and grant them all such other and further relief to which they may be entitled.

Respectfully submitted,

STEWART WIEGAND & OWENS PC

*/s/ Robert Wiegand*
Robert C. Wiegand (Lead Counsel)
State Bar No. 00791924
Bob.Wiegand@SWOLegal.com
Melissa J. Swindle
State Bar No. 24013600
Melissa.Swindle@SWOLegal.com

325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Ph:     469.899.9800
Fax:    469.899.9810

**ATTORNEYS FOR DEFENDANTS AMARILLO II ENTERPRISES, LLC, CREATIVE SOLUTIONS IN HEALTHCARE, INC., AND TODD GUDGELL**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served via the Court's electronic filing system upon all counsel of record.

*[signature: Robert Wiegand]*
_____
**STEWART WIEGAND & OWENS PC**

**CERTIFICATE OF CONFERENCE**

The foregoing motion is opposed. A conference was held on November 29, 2017 via telephone with Jeremi Young, attorney for Plaintiffs, on the merits of this motion in accordance with Northern District of Texas L.R. 7.1. No agreement was reached because Plaintiff's counsel does not believe a stay is warranted. Accordingly, discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*[signature: Robert Wiegand]*
_____
**STEWART WIEGAND & OWENS PC**